# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Edward Orlando Thomas, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>Nancy A. Berryhill, Acting )<br>Commissioner of the Social Security )<br>Administration, )<br>)<br>    Defendant. )<br>                                           ) | C.A. No.: 2:16-cv-2518-PMD-MGB<br><br>**ORDER** |

This matter is before the Court on Plaintiff Edward Orlando Thomas' objections to United States Magistrate Judge Mary Gordon Baker's report and recommendation ("R & R") (ECF Nos. 25 & 23). The Magistrate Judge recommends that the Commissioner's decision be reversed and remanded. For the reasons stated herein, the Court overrules the Commissioner's objections, adopts the R & R, reverses the Commissioner's decision, and remands for further proceedings.

## PROCEDURAL HISTORY

On January 25, 2018, the Magistrate Judge issued her R & R recommending that the Court reverse and remand the ALJ's decision. The Commissioner filed objections on February 8, and Thomas responded on February 15. Accordingly, this matter is now ripe for review.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the Magistrate Judge's proposed findings and recommendations within fourteen days after being served with a copy of the R & R. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo

review of any portion of the R & R to which a specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140, 151-52 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **DISCUSSION**

The Commissioner asserts two objections to the R & R. First, she argues that, contrary to the findings of the Magistrate Judge, the ALJ properly considered the combined effects of Thomas' physical and mental impairments, which include post-traumatic stress disorder ("PTSD") and chronic pain, when determining his residual functional capacity ("RFC"). Second, she objects to the Magistrate Judge's determination that it was not necessary to address the remaining issues in the case. The Court addresses each in turn.

### I.     Thomas' RFC

A reviewing court must uphold the findings and conclusions of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). When a claimant has multiple impairments, the ALJ must consider the combined effect of those impairments when determining the claimant's RFC. 42 U.S.C. § 423(d)(2)(B). It is not enough for an ALJ to recite a claimant's medical history and then summarily announce a conclusion about his RFC; rather the ALJ must

"build an accurate and logical bridge from the evidence to his conclusion." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)); *see also King v. Califano*, 615 F.2d 1018, 1020 (4th Cir. 1980) (requiring an ALJ to consider all the evidence and explain the reasons for his findings). The Magistrate Judge found that when the ALJ determined Thomas' RFC, he did not analyze and explain the cumulative effect of Thomas' physical and mental impairments. The Court agrees. While the ALJ's decision summarizes Thomas' mental and physical health records, the ALJ does not analyze how his PTSD symptoms interact with his physical conditions, such as his chronic pain. As the Magistrate Judge explained, this failure is especially troubling given that Thomas testified that his PTSD worsened as his physical condition worsened. The ALJ noted this testimony, but did not explain how it contributed to the determination of Thomas' RFC. Similarly, the ALJ noted that a consultative examiner suggested Thomas' PTSD was contributing to his pain, but the ALJ did not assess or explain that interaction.

The Commissioner argues that the ALJ did consider all of Thomas' limitations in combination. However, the Commissioner's support for this assertion is not compelling: Rather than identifying a particular passage where the ALJ properly analyzed and explained the combined effects of Thomas' PTSD and chronic pain, the Commissioner cites to fifteen pages that include the ALJ's findings on severity, his lengthy summary of Thomas' medical history, and his RFC determination. (Social Security Admin. R., ECF No. 11-2, at 16–31.) The Commissioner later claims that four of those pages (21–22, 25, and 27) explain the combined effects of Thomas' impairments. In these pages, the Court finds Thomas' testimony about his combined effects and the consultative examiner's assessment that Thomas may be experiencing combined effects, but no actual analysis by the ALJ examining how Thomas' PTSD contributes to his pain.

3

The Commissioner notes that this Court once quoted another district court for the idea that "[s]ufficient consideration of the combined effects of a plaintiff's impairments is shown when each is separately discussed in the ALJ's decision." *Seabolt v. Barnhart*, 481 F. Supp. 2d 538, 547–48 (D.S.C. 2007) (quoting *Baldwin v. Barnhart*, 444 F. Supp. 2d 457, 465 (E.D.N.C. 2005)). However, in *Seabolt*, this Court also said, "the fact that the ALJ did not discuss [the combined effect of a plaintiff's severe impairments] is evidence that he did not consider it." *Id.* at 547. Moreover, since *Seabolt*, the Fourth Circuit has emphasized that ALJs' failure to "[s]how [their] work" has become "all too common among administrative decisions challenged in this court." *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 663 (4th Cir. 2017). While the ALJ's decision does mention Thomas' and the consultative examiner's statements about the combined effects of his PTSD and pain, the decision does not actually analyze the interaction of these impairments or explain how that interaction contributes to Thomas' RFC. As in *Seabolt*, the fact that the ALJ did not thoroughly discuss the combined effects is evidence that he did not consider them. 444 F. Supp. 2d at 547. Though the decision thoroughly recites the medical record, the ALJ does not properly show his work, 846 F.3d at 663, by analyzing the cumulative effect of Thomas' impairments and building a bridge, 826 F.3d at 189, from the evidence to his conclusion.

The Commissioner also argues that the Magistrate Judge erred in concluding that the ALJ failed to give appropriate deference to the disability rating of the Veterans' Administration ("VA"). In *Bird v. Commissioner of Social Security*, the Fourth Circuit explained that "a VA disability determination must be accorded substantial weight in Social Security disability proceedings." 699 F.3d. 337, 345 (4th Cir. 2012). The Magistrate Judge found that the ALJ failed to give substantial weight to Thomas' VA disability rating of 50%, solely for his PTSD. The Magistrate Judge

4

explained that the ALJ did not assign any particular weight to the rating[1] and gave it short shrift by noting that the VA uses a different definition of disability and that "a 50% disability rating is consistent with a determination that the claimant is not disabled." (Social Security Admin. R., ECF No. 11-2, at 31.) While the Court recognizes that the VA has its own disability definitions and procedures, the Court agrees with the Magistrate Judge that the ALJ's quick dismissal of Thomas' rating—which reflects his disability from just one of his impairments—fell short of the consideration required by *Bird*.

## II. Remaining Issues

The Commissioner argues that the Magistrate Judge erred in failing to address Thomas' remaining allegations of error by the ALJ. Specifically, the Magistrate Judge declined to address whether the ALJ (1) failed to consider the vocational consequences of pain on Thomas, (2) erred in not according any weight to the opinion of Thomas' treating physician, or (3) failed to provide specific reasoning for his rejection of Thomas' testimony. The Court finds that the Magistrate Judge did not need to consider these issues, given that they may be rendered moot on remand. *See Boone v. Barnhart*, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments).

---

1. The Commissioner devotes a few paragraphs to arguing that the ALJ was not required to assign a specific weight to the VA rating. However, the Magistrate Judge did not state that assigning a particular weight was required. Rather, an assignment of substantial weight could have demonstrated that the ALJ followed *Bird*. The Court need not address whether an ALJ must always assign a specific weight to a VA rating.

## **CONCLUSION**

For the reasons stated herein, it is **ORDERED** that the Commissioner's objections are **OVERRULED**, and that the R & R is **ADOPTED**. The Commissioner's decision is **REVERSED** and **REMANDED** for further proceedings.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**March 21, 2018**
**Charleston, South Carolina**